**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Waters, <br><br> Plaintiff, <br><br> v. <br><br> Contract Freighters Incorporated, et al., <br><br> Defendants. | No. CV-20-00368-PHX-DWL <br><br> **ORDER TO SHOW CAUSE** |

In November 2019, *pro se* Plaintiff John Waters ("Waters") filed a lawsuit in Maricopa County Superior Court against Defendant Contract Freighters Inc. ("CFI"). (Doc. 9-1 at 3-7.) In a nutshell, the complaint alleges that Waters was employed by CFI as a commercial truck driver, that CFI forced its drivers to engage in "illegal and unsafe" driving practices, that Waters complained about these practices, and that CFI retaliated against Waters by terminating him and publishing false information about him. (*Id.*) The complaint was served on CFI in January 2020. (Doc. 9 ¶ 2.)

In February 2020, CFI removed this case to federal court. (Doc. 1.) Afterward, the Court issued a notice to Waters summarizing the various resources that are available to *pro se* litigants (Doc. 4), a preliminary order (which, among other things, included an express warning that "failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court") (Doc. 8 at 4), and an order requiring the parties "to meet, confer, and develop a Rule 26(f) Joint Case

Management Report, which must be filed no later than March 27, 2020. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report." (Doc. 11 at 1.)

On March 27, 2020, CFI filed the Rule 26(f) report. (Doc. 12.) The introductory paragraph explains that CFI was required to prepare the report unilaterally because Waters "never made any effort to contact Defendant's counsel" and because Waters never responded to multiple efforts (via email, U.S. mail, and Federal Express) by CFI's counsel to contact him. (*Id.* at 1-2.)

Given these failures, it is unclear whether Waters intends to prosecute this case. Accordingly, Waters will be ordered to show cause why this action should not be dismissed without prejudice for failure to prosecute. To comply with the show-cause order, Waters must—by April 20, 2020—file a response with the Court (1) confirming his present contact information (including an address and phone number at which he may be contacted, if different from those presently on file with the Court), and (2) explaining his failure to respond to CFI counsel's efforts to contact him, meet and confer under Rule 26(f) on a discovery plan, and file a joint report with the Court.

If Waters does not file the required response, the Clerk of Court shall terminate this action without further notice. "Several of the Federal Rules of Civil Procedure provide authority for courts to dismiss a lawsuit as a sanction when a party fails to" comply with a court order requiring the joint development of a Rule 26(f) report. *Jones v. Trujillo*, 2012 WL 13081962, *3-4 (D.N.M. 2012). "For example, Rule 16(f) authorizes courts to impose sanctions, including dismissal, for a party's failure to appear at a scheduling conference or to obey a scheduling or other pretrial order. . . . Similarly, Rules 37 and 41 also authorize courts to dismiss actions. [Rule] 37(b)(2)(A)(v) allows a court to dismiss an action '[i]f a party . . . fails to obey an order to provide or permit discovery, including an order [to meet and confer] under Rule 26(f),' [and] Rule 41(b) authorizes dismissal '[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order.'" *Id*.

If Waters does not file a response by April 20, 2020, dismissal without prejudice

will be warranted under Rule 41(b).  *Clark v. Morano*, 2016 WL 6989755, *2-3 (C.D. Cal. 2016) (dismissing action without prejudice under Rule 41(b), after plaintiff failed to participate in preparation of Rule 26(f) report and failed to respond to subsequent order to show cause, and explaining why the Rule 41(b) factors supported this outcome).

Accordingly,

**IT IS ORDERED** that Waters must, by **April 20, 2020**, file a response to this order to show cause that (1) confirms his present contact information (including an address and phone number at which he may be contacted, if different from those presently on file with the Court), and (2) explains his failure to respond to CFI counsel's efforts to contact him, meet and confer under Rule 26(f) on a discovery plan, and file a joint report with the Court.

**IT IS FURTHER ORDERED** that if Waters does not file the required response by **April 20, 2020**, the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 30th day of March, 2020.

Dominic W. Lanza
United States District Judge